IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| Edward H. Wolferd, Jr. : | Chapter 13 |
|              Debtor : | |
| : | Bankruptcy No. 05-24427 JKF |
| Edward H. Wolferd, Jr. : | |
|              Movant : | |
| : | |
| v. : | |
| : | |
| Wells Fargo Bank, N.A., s/b/m to : | |
| Wells Fargo Home Mortgage, Inc. : | |
|              Respondent : | |

**RESPONSE OF WELLS FARGO BANK, N.A., S/B/M TO WELLS FARGO HOME MORTGAGE, INC. TO DEBTOR'S MOTION TO RECONSIDER RELIEF ORDER DATED JANUARY 6, 2009 AND REINSTATE BANKRUPTCY STAY**

Respondent, Wells Fargo Bank, N.A., s/b/m to Wells Fargo Home Mortgage, Inc., by and through its attorneys, Phelan Hallinan & Schmieg, LLP, hereby responds to Debtor's Motion to Reconsider Relief Order Dated January 6, 2009 and Reinstate Bankruptcy Stay and in support thereof, avers as follows:

1. Admitted in part. Denied in part. It is admitted that Debtor filed this bankruptcy case under docket number 05-24427 on August 1, 2005. Respondent is without information sufficient to form a belief as to the truth of the remaining averments and therefore they are deemed denied. Strict proof is demanded at trial.

2. Admitted.

3. Denied. By way of further answer, Debtor remains due and owing for post petition mortgage payments for the periods of September 2008 through April 2009. Strict proof to the contrary is demanded at trial.

4. Denied. By way of further answer, a Motion for Relief from the Automatic Stay

was filed on February 5, 2008 as Debtor had at the time, failed to make payments in accordance with the terms and conditions of the underlying Mortgage and Note for the period of December 2007 through February 2008. While Debtor was continuing to send monthly payments, they were not in an amount sufficient to cover a full payment. Debtor's payments had changed from $1,071.55 in February of 2007 due to an escrow adjustment. As of February 1, 2007, Debtor's regular monthly mortgage payment was $1,168.42. Debtor continued to make payments in the lesser amount, which caused him to fall into arrears. Strict proof to the contrary is demanded at trial.

5. Denied. By way of further answer, Respondent is without information sufficient to form a belief as to the truth of the averment. Strict proof is demanded at trial. Further, a Motion for Relief from the Automatic Stay was filed on February 5, 2008 as Debtor had at the time, failed to make payments in accordance with the terms and conditions of the underlying Mortgage and Note for the period of December 2007 through February 2008. While Debtor was continuing to send monthly payments, they were not in an amount sufficient to cover a full payment. Debtor's payments had changed from $1,071.55 in February of 2007 due to an escrow adjustment. As of February 1, 2007, Debtor's regular monthly mortgage payment was $1,168.42. Debtor continued to make payments in the lesser amount, which caused him to fall into arrears. Strict proof to the contrary is demanded at trial.

6. Admitted. By way of further answer, A Stipulation Agreement was entered into by the attorneys for the parties and was filed with the Court on May 8, 2008. The Stipulation was approved by Order of the Court dated May 13, 2008. The Agreement was only entered into after Respondent had produced to Debtor's attorney a copy of the payment change notification

that was directly sent to him on January 24, 2008. Strict proof to the contrary is demanded at trial.

7. Denied. By way of further answer, the proofs of payments provided by the Debtor and Debtor's counsel have all been accounted and Debtor is not current on his post petition obligations. Strict proof to the contrary is demanded at trial.

8. Admitted in part. Denied in part. It is admitted that according to the Court docket, a hearing on the Motion to Reconsider, filed by the Debtor was held on November 19, 2008. Respondent is without information sufficient to form a belief as to the truth of the remaining averments as Respondent did not participate in the hearing.

9. Admitted in part. Denied in part. It is admitted that according to the Court docket, a hearing on the Motion to Reconsider, filed by the Debtor was held on November 19, 2008. Respondent is without information sufficient to form a belief as to the truth of the remaining averments as Respondent did not participate in the hearing. The Court entered an Order granting reinstatement of the Automatic Stay as the Motion was unopposed and without any prohibition on Respondent sending a new Notice of Default. Strict proof to the contrary is demanded at trial.

10. Admitted. By way of further answer, the Debtor and Debtor's counsel were both sent a Notice of Default indicating the arrears on the account as of December 3, 2008. Debtor and Debtor's counsel failed to respond to the Notice of Default in a sufficient manner and failed to object to the Certification of Default that was filed on December 17, 2008. In fact it should be noted that Debtor and Debtor's counsel had ample time to object to the Certification of Default, as the Relief Order was not entered until January 6, 2009. In fact, as Debtor and Debtor's counsel filed this Motion to Reconsider well beyond the statutory period permissible for such a

Motion, it is implicitly flawed and should be denied on its face. Strict proof to the contrary is demanded at trial.

11.    Denied. By way of further answer, all payments made by Debtor have been properly accounted by Respondent. Strict proof is demanded at trial. Finally, Respondent's counsel does not engage in any bookkeeping duties for its client's accounts.

**WHEREFORE**, Respondent, Wells Fargo Bank, N.A., s/b/m to Wells Fargo Home Mortgage, Inc., respectfully requests that this Honorable Court deny Debtor's Motion to Reconsider Relief Order Dated January 6, 2009 and Reinstate Bankruptcy Stay in its entirety.

Respectfully submitted,

Date: April 23, 2009

/s/ **Peter J. Mulcahy, Esquire**
PHELAN HALLINAN & SCHMIEG, LLP
1617 J.F.K. Boulevard, Suite 1400
Philadelphia, PA  19103-1814
(215) 563-7000